UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEGO A/S, LEGO SYSTEMS, Inc., and LEGO Juris A/S ) ) ) | |
| Plaintiff, ) | Civil Action No. _____ |
| ) v. ) ) | |
| THADDEUS DILLON ) d/b/a BIG PAPA'S COLLECTIBLES ) ) | **JURY TRIAL DEMANDED** |
| Defendant. ) ) | OCTOBER 7, 2016 |

**VERIFIED COMPLAINT**

Plaintiffs LEGO A/S ("LAS"), LEGO Systems, Inc. ("LSI"), and LEGO Juris A/S ("LJAS") (collectively, "the LEGO Group of Companies") file this Complaint against Defendant Thaddeus Dillon d/b/a Big Papa's Collectibles (together, "BPC") and allege as follows:

**THE PARTIES**

1. Plaintiff LAS is a private company with a place of business located at Aastvej 1, Dk-7190, Billund, Denmark.

2. Plaintiff LSI is a Delaware corporation having its principal place of business at 555 Taylor Road, Enfield, CT 06082.

3. Plaintiff LJAS is a private company with a place of business located at Koldingvej 2, Dk-7190, Billund, Denmark.

4. Upon information and belief, defendant BPC is an individual with a primary residence at 49 Brett Lane, Enfield, CT 06082. Upon information and belief, BPC does business in the State of Connecticut.

95433516.3

95663034.1

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. This Court has personal jurisdiction over BPC by virtue of BPC transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2).

**THE MINIFIGURE FIGURINE AND THE LEGO GROUP OF COMPANIES' INTELLECTUAL PROPERTY RIGHTS**

8. In 1978, the LEGO® brand introduced its Minifigure figurine. The Minifigure figurine (which is manufactured in various colors, proprietary representations as well as licensed and unlicensed representations and fanciful configurations) has interchangeable parts such as a head, hair, torso, arms, legs and can feature a multitude of fixed facial expressions and clothing styles. For nearly 40 years, the Minifigure figurine has been sold worldwide in numerous varieties of LEGO® brand toy sets, as well as individually, becoming one of the most iconic toys for the LEGO Group of Companies.

9. LAS owns numerous copyrights registered with the United States Copyright Office, including Registration Number VA0000655230 and Registration Number VA0000655104 ("the Registered Copyrights"). Copies of the deposit material maintained by the United States Copyright Office as part of the Registered Copyrights are attached as Exhibits A and B.

10. The LEGO Group of Companies is entitled to protection from unauthorized copying of the Minifigure figurine under several copyrights owned or licensed by the LEGO Group of Companies, including the Registered Copyrights ("the Minifigure Copyrights").

11. Since 1978 the LEGO Group of Companies has continuously displayed the © symbol in connection to the Minifigure figurine on various product packaging as shown below:

12. Since at least as early as 1993 the LEGO Group of Companies has continuously displayed the © symbol in the plastic of the Minifigure figurine in various locations.

13. Since at least as early as 1998 the LEGO Group of Companies has continuously displayed "© LEGO" in the plastic of the Minifigure figurine in various locations.  For example, in the images below, "© LEGO" is in the plastic of each element comprising the Minifigure figurine:



(© LEGO located on the top of leg element of Minifigure figurine)



(© LEGO located on the bottom of leg element of Minifigure figurine)



.

95663034.1

(© LEGO located on the torso element of Minifigure figurine)



(© LEGO located inside head element of Minifigure figurine)

14. LJAS owns numerous trademarks registered with the United States Patent & Trademark Office including Registration Number 4,903,968 and Registration Number 4,520,327 ("the Registered Minifigure Trademarks"). Copies of the Registration Certificates for the Registered Minifigure Trademarks are attached as Exhibits C and D.

15. The LEGO Group of Companies is entitled to protection from unauthorized use of the Minifigure figurine in commerce under trademarks owned or licensed by the LEGO Group of Companies, including the Registered Minifigure Trademarks.

16.   The LEGO Group of Companies also has common law trademark rights in the Minifigure figurine set forth in Exhibits C and D, by virtue of its continuous use of the mark in commerce throughout the United States since 1978.

17.   The LEGO Group of Companies has established valuable (indeed, *invaluable*) trademark rights and goodwill in the Registered Minifigure Trademarks by virtue of its long use and registration of the trademarks, the substantial promotional and marketing efforts under the trademarks, the expenditure of vast sums in advertising and promotional activities under that trademark, and third-party licensing agreements.

18.   The products and services offered, sold, and advertised in connection with the Registered Minifigure Trademarks have generated substantial revenue for the LEGO Group of Companies and its business partners.  Such revenue has exceeded over one billion dollars (USD) internationally.

19.   As a result of the long and extensive use of the Registered Minifigure Trademarks, and the significant sales, promotion, advertising, third-party licensing, and commercial success under those marks, the Minifigure figurine has achieved such widespread public exposure and recognition that it is distinctive and is well-known and famous among the general consuming public of the United States and abroad.

20.   Many Minifigure figurines sold by the LEGO Group of Companies include intellectual property owned by its business partners.

21.   The LEGO Group of Companies has long standing and extensive business partnerships with prominent intellectual property owners.

22.   As a licensee, the LEGO Group of Companies has an affirmative right to protect the intellectual property rights of its licensing partners.

### BIG PAPA'S COLLECTIBLES' INFRINGING FIGURINES AND LOGO

23. BPC sells figurines ("the Infringing Figurines") that are strikingly and substantially similar to the Minifigure figurine at least on www.bigpapascollectibles.com ("the BPC Website") and at various toy fairs and "comic con" type conventions throughout the country.

24. The BPC Website is accessible globally and offers domestic and international shipping as shown below:





25.    The photographs below show views of a BPC Infringing Figurine on the left and an example of the copyrighted and trademarked Minifigure figurine on the right:



.

95663034.1





26. BPC's Infringing Figurines are unauthorized reproductions of the LEGO Group of Companies' copyrights and trademarks including the Minifigure Copyrights and Registered Trademark No. 4,903,968. Examples of BPC's Infringing Figurines offered for sale are shown below:



27. The LEGO Group of Companies has no agreement of any kind with BPC that would authorize the sale of the Infringing Figurines.

28. The BPC Logo is depicted on the BPC Website, social media, and comic convention signage and is confusingly similar to the LEGO Group of Companies' Registered Trademark No. 4,520,327. Examples of BPC's use of the BPC Logo are provided below:

.

95663034.1




.

95663034.1



**THE LEGO GROUP OF COMPANIES' PRIOR ATTEMPTS TO RESOLVE THIS DISPUTE**

29. The LEGO Group of Companies has made several attempts to resolve this dispute.

30. A first demand letter ("the First Demand Letter") was delivered by hand to a BPC employee at a BPC kiosk selling Infringing Figurines at the Enfield Square Mall in Enfield, CT on December 28, 2015. A copy of the First Demand Letter is attached as Exhibit E.

31. The LEGO Group of Companies has not received a response to the First Demand Letter to date.

32. A second demand letter ("the Second Demand Letter") was delivered to Thaddeus Dillon's home address via FedEx and e-mail on January 4, 2016. A copy of the Second Demand Letter is attached as Exhibit F.

33. The LEGO Group of Companies has not received a response to the Second Demand Letter to date.

34. A third demand letter ("the Third Demand Letter") was hand delivered to Thaddeus Dillon's home address on March 2, 2016. A copy of the Third Demand Letter is attached as Exhibit G.

35. The LEGO Group of Companies has not received a response to the Third Demand Letter to date.

36. Despite the LEGO Group of Companies' demand letters, BPC continues to sell Infringing Figurines on the BPC Website.

37. Despite the LEGO Group of Companies' demand letters, BPC also continues to sell Infringing Figurines at comic conventions around the country. The photographs below show BPC selling Infringing Figurines at Boston Comic Con on August 13, 2016.



95433516.3

-13-

.

95663034.1



## COUNT I

### (Copyright Infringement)

38. The LEGO Group of Companies hereby repeats and realleges paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. The copyrighted Minifigure comprises, in whole or in part, wholly original works of authorship that are copyrightable subject matter under the copyright laws of the United States, 17 U.S.C. §§ 101, *et seq*. The LEGO Group of Companies has complied in all respects with the laws governing copyright and has secured the rights and privileges in, to, and under the Minifigure Copyrights in the Minifigure figurine.

40. In violation of the LEGO Group of Companies' exclusive rights in the Minifigure figurine and the Minifigure Copyrights, BPC has sold, and continues to sell, Infringing Figurines that are strikingly and substantially similar to the Minifigure figurine.

41. BPC's unlawful conduct constitutes infringement of the LEGO Group of Companies' exclusive rights in the Minifigure Copyrights, including without limitation the LEGO Group of Companies' rights under 17 U.S.C. § 106.

42. Upon information and belief, as a direct and proximate result of BPC's wrongful conduct, BPC has realized and continues to realize profits and other benefits rightfully belonging to the LEGO Group of Companies.

43. As a result of BPC's unlawful conduct, the LEGO Group of Companies has suffered and will continue to suffer damages.

44. BPC's continued, unauthorized sale of the Infringing Figurines is causing and will cause the LEGO Group of Companies irreparable economic and reputational harm.

### COUNT II

**(Trademark Infringement Under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a))**

45. The LEGO Group of Companies hereby repeats and realleges paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Without the LEGO Group of Companies' consent, BPC used and continues to use in commerce the Infringing Figurines and Infringing Logo, as described above, in connection with the offering, sale, and advertising of toy products, which are likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Upon information and belief, the actions of BPC described above have at all times relevant to this action been willful.

48. As a direct and proximate result of the actions of BPC alleged above, the LEGO Group of Companies has been damaged and will continue to be damaged.

## COUNT III

**(Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))**

49. The LEGO Group of Companies hereby repeats and realleges paragraphs 1-48 of this Complaint as if fully set forth herein.

50. The actions BPC relating to the Infringing Figurines and Infringing Logo are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of BPC, and thus constitute trademark infringement, false designation of origin, and unfair competition with respect to the Registered Minifigure Trademarks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

51. Upon information and belief, the actions of BPC described above have at all times relevant to this action been willful.

52. As a direct and proximate result of the actions of BPC alleged above, the LEGO Group of Companies has been damaged and will continue to be damaged.

## COUNT IV

**(Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c))**

53. The LEGO Group of Companies hereby repeats and realleges paragraphs 1-52 of this Complaint as if fully set forth herein.

54. Based at least on the distinctiveness of the Minifigure figurine; the duration and extent of use of the trademark; the duration and extent of advertising featuring the trademark; the geographic area in which products and services have been sold and advertised featuring the trademark; the nature of the trade channels used to market products and services featuring the trademark compared to the trade channels through which BPC sell and intend to sell its products; the degree of public recognition of the

Minifigure figurine; and the federal registration of that trademark, the Minifigure figurine has become famous, as that term is used in Section 43(c) of the Lanham Act.

55. BPC's actions described above, all occurring after the Minifigure figurine became famous, are likely to cause dilution of the famous Minifigure figurine in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

56. Upon information and belief, the actions of BPC described above have at all times relevant to this action been willful.

57. As a direct and proximate result of the action of BPC alleged above, the LEGO Group of Companies has been damaged and will continue to be damaged.

## COUNT V

### (Common Law Trademark Infringement, Unfair Competition, and Misappropriation)

58. The LEGO Group of Companies hereby repeats and realleges paragraphs 1-57 of this Complaint as if fully set forth herein.

59. BPC's actions described above constitute common law trademark infringement, unfair competition, and misappropriation of the LEGO Group of Companies' goodwill under the common law of Connecticut and other states.

60. Upon information and belief, the actions of BPC described above have at all times relevant to this action been willful.

61. As a direct and proximate result of the actions of BPC alleged above, the LEGO Group of Companies has been damaged and will continue to be damaged.

## COUNT VI

### (Violation of the Connecticut Unfair Trade Practices Act)

62. The LEGO Group of Companies hereby repeats and realleges paragraphs 1-61 of this Complaint as if fully set forth herein.

63. By engaging in the acts alleged above, BPC has willfully and maliciously engaged in conduct offensive to public policy, governing statutes, common law principles, and established concepts of fairness.

64. BPC's willful and malicious conduct was and is immoral, unethical, oppressive, and unscrupulous.

65. BPC's conduct has caused and will continue to cause substantial injury to the LEGO Group of Companies and to the public interest.

66. BPC committed such acts, and continues to commit such acts, in the conduct of trade or commerce.

67. The LEGO Group of Companies has suffered, and if BPC is not enjoined will continue to suffer, an ascertainable loss of money or property as a result of BPC's actions.

68. By virtue of the conduct above, BPC has engaged in unfair competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, *et seq*.

**PRAYER FOR RELIEF**

**WHEREFORE**, the LEGO Group of Companies requests judgment as follows:

1. For a preliminary and permanent injunction restraining BPC, its employees, and all persons in active concert or participation with BPC or with any of the foregoing from:
   a. purchasing unauthorized reproductions of the copyrighted and trademarked Minifigure figurine including any figurine that is substantially similar to the Minifigure Copyrights or likely to be confused with the Minifigure Trademarks;
   b. continuing to sell, offer for sale, or authorize the sale of the Infringing Figurines or any other figurine that is substantially similar to the Minifigure Copyrights or likely to be confused with the Minifigure Trademarks;

2. An order that BPC be directed to file with this Court and serve on the LEGO Group of Companies within thirty days after the service of an injunction, a report, in writing and under oath,

confirming all copies of the Infringing Figurines have been provided to counsel for the LEGO Group of Companies;

    3.    Awarding the LEGO Group of Companies its actual damages and BPC's profits in an amount to be determined at trial or statutory damages pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117 and other applicable laws;

    4.    Awarding the LEGO Group of Companies its reasonable attorney's fees and costs; and

    5.    Such other and further relief as the Court deems appropriated.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, The LEGO Group of Companies demands trial by jury in this action of all issues triable by jury in this matter.

Dated: October 7, 2016

                  Respectfully submitted,

                  /s/ Elizabeth A. Alquist
                  Elizabeth A. Alquist (ct15643)
                  Day Pitney LLP
                  242 Trumbull Street
                  Hartford, CT 06103-1212
                  Phone (860) 275-0136
                  Fax (860) 881-2456
                  eaalquist@daypitney.com

                  *Attorney for Plaintiff*

                  LEGO A/S, LEGO SYSTEMS, INC., and LEGO Juris A/S

## VERIFICATION

STATE OF CONNECTICUT  )
                                       )    SS.
COUNTY OF HARTFORD  )

I, Michael McNally, being duly sworn, depose and say I am employed by LEGO Systems, Inc. as Senior Director of Brand Relations, that I have read the foregoing Verified Complaint, and that the allegations set forth therein are true and correct to the best of my knowledge and information.

_[signature]_
Michael McNally
Senior Director of Brand Relations, LEGO Systems, Inc.

Sworn and subscribed to before me this 6th day of October, 2016.

_[signature]_
Notary Public/Commissioner of the Superior Court
My Commission Expires on: